United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 10, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50105
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELISSA SPARKS,
also known as Melissa Johnson,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:04-CR-177-ALL-SS
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Melissa Sparks ("Sparks") pleaded guilty to an indictment charging her with six counts of wire fraud. After granting Sparks a downward departure, the district court sentenced Sparks to 24 months of imprisonment as to each count, to be served concurrently, and to a five-year term of supervised release. The district court also ordered Sparks to pay $1,653,176.70 in restitution. Sparks argues that the district court plainly erred in applying the two-point increase under U.S.S.G.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2B1.1(b)(12)(A). Specifically, Sparks contends that the increase under U.S.S.G. § 2B1.1(b)(12)(A) was not warranted because there was no finding that she individually derived more than $1,000,000 in gross receipts from the offense.

Sparks acknowledges that she did not object to the district court's determination pursuant to U.S.S.G. § 2B1.1(b)(12)(A) and that review is for plain error. See United States v. Villegas, 404 F.3d 355, 358 (5th Cir. 2005). This court finds plain error when: (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights. See United States v. Olano, 507 U.S. 725, 732-37 (1993). "Questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." See United States v. Young, 981 F.2d 180, 188 (5th Cir. 1992) (internal quotation marks and citation omitted); United States v. Fierro, 38 F.3d 761, 773 n.4 & 774 (5th Cir. 1994). The record is unclear on the amount of gross receipts that Sparks individually derived, and Sparks acknowledges that the district court could have resolved her fact-based argument had she properly objected at sentencing. Sparks has failed to demonstrate reversible plain error on this claim. See Fierro, 38 F.3d at 774.

For the first time on appeal, Sparks also argues that the district court plainly erred in increasing her base offense level by two levels, pursuant to U.S.S.G. § 2B1.1(b)(12)(A), without a

jury finding that she had derived more than $1,000,000 in gross receipts from the offense.  Sparks relies on the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005).

We review for plain error.  See United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), cert. denied, ___ S. Ct. ___ (Oct. 3, 2005) (No. 04-9517).  Following Booker, the error is plain and obvious.  Id.  However, Sparks makes no showing that the district court would likely have sentenced her differently under the Booker advisory scheme.  Similarly, there is no indication from the court's remarks at sentencing that the court would have departed further under an advisory guideline scheme.  Thus, Sparks has not demonstrated that her substantial rights were affected, she has thus failed to carry her burden under plain-error review.  See id. at 521-22.  Accordingly, Sparks's sentences are AFFIRMED.